[No. 14082. Department One. — February 5, 1892.]

# THE SOUTHERN PACIFIC RAILROAD COMPANY, APPELLANT, *v.* HENRIETTA FERRIS ET AL., RESPONDENTS.

DEDICATION OF HIGHWAY — PUBLIC USER — ABANDONMENT OF PART NOT USED — ACCEPTANCE BY PUBLIC. — Where the owner of land, by a map duly recorded, offered certain portions of the land for dedication as a public road, and grantees of the land conformed their fences and hedges to the line of the proposed highway, and a deed to a grantee of part of the land specially excepted therefrom a strip of land in front thereof, as laid down upon the map, as being reserved for a public road, and the road, according to the plan agreed upon for its location and as actually laid out, had a zanja, or water-ditch, running through the middle of it lengthwise, and a double row of trees on each side of the zanja, the fact that the travel along the road was almost exclusively, if not entirely, upon one side of the road, and on the strip of it on the opposite side of the zanja from the land of such grantee, does not show an abandonment of the use of his side of the road by the public, nor a failure of the public to accept and use the road as dedicated.

ID. — RAILROAD IN HIGHWAY — TEARING UP OF TRACK — INJUNCTION. — The whole of the road as laid out having been dedicated as a highway, a railroad corporation has a right to construct its railroad therein, and may enjoin a grantee, whose land is adjacent to the part of the road not actually used by the public, from tearing up its track.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order dissolving a preliminary injunction.

The facts are stated in the opinion.

*John D. Bicknell*, for Appellant.

*E. E. Keech*, for Respondents.

FOOTE, C. — This action was brought by the appellant, a railroad corporation, for the purpose of restraining the defendants here from continuing to tear up and remove its track from what was claimed by the plaintiff to be a public highway, and for such other and further relief as the facts of the case might warrant. The court below decided the case against the plaintiff, dissolved a preliminary injunction that had been granted, and gave

judgment for the defendants for costs. From that, and an order refusing a new trial, the plaintiff has taken this appeal.

From the evidence in the record it is clear that findings 1 and 3 are without legal support.

It appears that Henrietta Ferris, one of the respondents here, bought, some years prior to this controversy, a piece of land from Mr. Irvine; that in the deed to that land there was specially excepted therefrom a strip of land in front thereof sixty feet wide, which had been offered for dedication as a public highway, and no title to that land ever vested in the said Ferris; that this strip of land so excepted was laid down upon a map properly filed for record in the proper office as being reserved for a public road, and it does not appear that the person so offering it for dedication has ever in any way sought to revoke it. The idea of the lower court seems to have been that the public had never made use of the side of the road so offered for dedication next to the defendant's land, and therefore she had an appurtenant right of way over it. In this view of the matter we cannot concur. It seems that the persons who bought land from Mr. Irvine, including the defendant Mrs. Ferris, had conformed their fences and hedges to the line of the proposed highway as set out in the map recorded by Irvine describing the public roads he offered for dedication, among which was this one; that according to the plan agreed upon for the location of this highway, it had a zanja, or water-ditch, running through the middle of it lengthwise, and a double row of eucalyptus trees, one each side of the zanja; that the road as it now stands is so located, and has the zanja and rows of trees as intended. But because the travel along the public road has been by the choice of the traveling public almost exclusively, if not entirely, on the other side of the road, and on the sixty-feet-wide strip of it on the opposite side of the zanja from the defendants' land, the court seems to have concluded that the public never used the sixty feet of the located road as recognized by proprietors of ad-

joining lands in building their fences and hedges, and therefore as to it thère was never any user. This we take to be a mistake. As well might it be said that if the public travel had been down the center of a road offered for dedication as a public highway, that there was never any user of that part which lay on each side of the tract used, and between it and the fences of the adjoining proprietors; or where the travel might be diagonally across the located road, from one side to the other, and from one end to the other of it continuously, that the portion of the ground fenced out by adjoining proprietors over which there had been no travel had never been used.

A similar view of an abandonment of a public road was urged in *Watkins* v. *Lynch*, 71 Cal. 26, but it will be seen from the language which we now quote, no such want of user was .considered any evidence of an abandonment of the public road: "Any ordinary observer traveling upon the public roads of the more thickly populated portions of this state will often perceive the land on one or both sides of a road-bed that is fenced out sowed in grain and pastured by the proprietors of the adjoining land, while all the travel for many years has been confined to the center of the road-bed; and yet we do not see that such acts should of themselves be held to show either an abandonment of the use of the road by the public, or its adverse possession by the person who has thus sowed, reaped, and pastured his stock thereon."

So here, there is no conflict in the evidence, properly considered, as to the offer of dedication and acceptance and user of this land as a public road.

If this is a public road, then according to the other findings and evidence, the railroad corporation had constructed its road as it had a right to do under section 465, subdivision 5, of the Civil Code, and the defendants had no right to tear up its track.

We think the judgment and order should be reversed, and so advise.

FITZGERALD, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed.